# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MAE FRAN WHITLOW,**

                    **Plaintiff,**

**-vs-**                                                    **Case No.  6:11-cv-932-Orl-28GJK**

**THE CITY OF ORLANDO; WILLIAM
BECTON; JASON ENGLEHARDT; PAUL
HOPKINS; TIMOTHY CREWS; RUDY
RODRIGUEZ; and JERRY L. DEMINGS,**

                    **Defendants.**
_____

## ORDER

Plaintiff brings the instant action against the City of Orlando, four Orlando police officers, an Orange County deputy sheriff (Paul Hopkins), and the Orange County Sheriff (Jerry Demings) in his official capacity.  The case arises from an incident at Plaintiff's home in Orange County; Plaintiff alleges, inter alia, that she was battered and falsely arrested by Orlando police officers after the officers came to her home to speak with her son.  Currently before the Court are the motions to dismiss filed by Defendants Jerry Demings and Paul Hopkins (Docs. 9 & 10) and Plaintiffs' Responses (Docs. 20 & 21) thereto.[1]

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or

_____

[1]The other Defendants have filed an Answer to the Complaint.  (Doc. 5).

'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).[2]

In the Complaint (Doc. 2), Plaintiff brings thirteen counts, but only Counts IV and VIII are brought against Hopkins and only Count VI is brought against Demings.  In Count IV, Plaintiff alleges a state law claim of false arrest against Hopkins and three Orlando police officers; in Count VI, she alleges false arrest against Demings based on Hopkins's actions; and in Count VIII, she alleges, pursuant to 42 U.S.C. § 1983, an unreasonable seizure in violation of the Fourth and Fourteenth Amendments against Hopkins and three Orlando police officers.

Plaintiff does not allege that Hopkins was present at Plaintiff's house at the time of the incident at issue.  Instead, her claims against Hopkins and Demings are based on her contention that Hopkins gave authorization to the Orlando police officers "to cross

_____

[2]In her Responses (Docs. 20 & 21) to the motions to dismiss, Plaintiff cites a standard that no longer applies.  Plaintiff asserts that a complaint should not be dismissed on a Rule 12(b)(6) motion "unless it appears beyond a reasonable doubt that a plaintiff can prove no set of facts in support of [her] claim[] which would entitle [her] to relief." (Doc. 20 at 2; Doc. 21 at 2).  However, this "no set of facts" language, which originated in the United States Supreme Court's decision in Conley v. Gibson, 355 U.S. 41 (1957), was expressly disapproved by the Supreme Court in Twombly. See 550 U.S. at 562-63 (abrogating Conley and noting that "[w]e could go on, but there is no need to pile up further citations to show that Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard").

jurisdictional lines and enter Orange County to meet with Plaintiff's son." (Compl. ¶ 25). Plaintiff alleges that Hopkins and an Orlando police officer—Defendant Timothy Crews—"discussed the situation and decided that it was not a mutual aid situation, but that it was a 'hot pursuit' situation." (Id. ¶ 26).[3]

Defendants Hopkins and Demings argue in their motions that Plaintiff has failed to state a claim for which relief can be granted because there are no factual allegations sufficient to support a conclusion that any actions of Hopkins proximately caused the alleged false arrest and unreasonable seizure of Plaintiff. Defendants' argument is well-taken. All that is alleged regarding Hopkins is that he granted authorization to cross jurisdictional lines to investigate Plaintiff's son. There is no other factual allegation to support a causal connection between any such authorization and the actions of the Orlando police officers in seizing or arresting Plaintiff. Therefore, as pleaded, Counts IV, VI, and VIII fail to state a cause of action against Hopkins or Demings. Plaintiff has requested leave to amend her complaint to remedy any pleading deficiencies. Such leave shall be granted.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.   The Motions to Dismiss (Docs. 9 & 10) filed by Defendants Jerry Demings and Paul Hopkins are **GRANTED**. Counts IV and VIII of the Complaint (Doc. 2) are **DISMISSED without prejudice** insofar as they are brought against Defendant Paul Hopkins, and Count VI of the Complaint is **DISMISSED without prejudice**.

---

[3]In her motion responses, Plaintiff quotes this language but then contrarily states that "Plaintiff has alleged that there was no mutual aid agreement and no hot pursuit." (Doc. 20 at 4-5; Doc. 21 at 4-5).

2. Plaintiff may file an amended complaint **on or before Friday, September 30, 2011** if she is able to state a cause of action against these two Defendants.  Failure to amend these counts by this deadline will result in dismissal of these counts against Defendants Hopkins and Demings with prejudice.

**DONE** and **ORDERED** in Orlando, Florida this 12th day of September, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party