**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAE FRAN WHITLOW,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:11-cv-932-Orl-28GJK**

**THE CITY OF ORLANDO; WILLIAM BECTON; JASON ENGLEHARDT; PAUL HOPKINS; TIMOTHY CREWS; RUDY RODRIGUEZ; and JERRY L. DEMINGS,**

        **Defendants.**

## ORDER

This case arises from an incident at Plaintiff's Orange County home. Plaintiff contends that she was falsely arrested and battered by Orlando police officers, and she alleges that prior to those events an Orange County Sheriff's Deputy, Defendant Paul Hopkins ("Deputy Hopkins"), had given authorization to those officers "to cross jurisdictional lines and go to Plaintiff[']s home." (Am. Compl. ¶ 24). Plaintiff has sued the City, four city police officers, the Sheriff, and Deputy Hopkins.

After this Court granted Plaintiff leave to amend in a prior Order (Doc. 29) dismissing the claims against the Sheriff and Deputy Hopkins, Plaintiff filed an eighteen-count Amended Complaint (Doc. 31). Thirteen of the counts are against the City of Orlando or one or more of the Orlando police officers, but Plaintiff also brings claims against the Sheriff for

negligence (Count XIV), negligent supervision (Count XV), negligent training (Count XVI), and false arrest (Count XVIII), and she brings a claim of gross negligence (Count XVII) against Deputy Hopkins. The case is currently before the Court on the motions to dismiss (Docs. 33 & 34) filed by the Sheriff and Deputy Hopkins.[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Amended Complaint does not meet this standard with regard to the claims against the Sheriff and Deputy Hopkins. Even after amendment, and even considering Plaintiff's allegations that Deputy Hopkins incorrectly told the police officers that the residence was a "violent home," (Am. Compl. ¶ 37), the allegations do not support a conclusion that any actions of Deputy Hopkins proximately caused the alleged false arrest and unreasonable seizure of Plaintiff by the Orlando police officers. Cf. Clark v. Miller, No. 09-0694, CG-B, 2011 WL 777935, at *8 (S.D. Ala. Feb. 25, 2011) (finding no proximate causation between actions of animal control officer and plaintiff's arrest by deputies, noting that "[t]he information that [animal control officer] provided to the deputies had a role in their decision-making process, in that they may have relied on [officer's] assertions in deciding to arrest plaintiffs, but that decision was theirs to make, not the animal control officer's"). Accordingly, Plaintiff's allegations against Deputy Hopkins and the Sheriff fail to state a claim for which relief can be granted.

---

[1] The other Defendants have filed an Answer to the Amended Complaint. (Doc. 32).

Accordingly, it is **ORDERED** and **ADJUDGED** that the motions to dismiss (Docs. 33 & 34) filed by the Sheriff and Deputy Hopkins are **GRANTED**. Counts XIV, XV, XVI, XVII, and XVIII of the Amended Complaint (Doc. 31) are **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Orlando, Florida this 2nd day of February, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record